UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MARQUETTE MARSHALL, Pro Se<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A,<br>Defendant. | **COMPLAINT** |

**NOW COMES PLAINTIFF, MARQUETTE MARSHALL,** and files this Complaint against Defendant, JP MORGAN CHASE BANK and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred within the District of South Carolina.

### PARTIES

3. Plaintiff, MARQUETTE MARSHALL, is an individual residing in Aiken, South Carolina.

4. Defendant, JP MORGAN CHASE BANK, N.A, is a business entity with its principal place of business in 270 Park Avenue New York, NY 10017.

### FACTUAL BACKGROUND

5. On or around January 14-15, 2025, Plaintiff sent a request for information to Leman's Chevy City (Intermediaries) regarding a 2025 Chevrolet Corvette Z06 3LZ. On January 15, 2025, an employee of Leman's Chevy City, RJ Zborowski, reached out to Plaintiff in response.

6. Plaintiff responded to Mr. Zborowski via email, stating: "Thank you for your detailed response and for addressing my questions thoroughly. I appreciate the time and effort you and your team have invested in assisting me with this process."

7. On January 16, 2025, Mr. Zborowski informed Plaintiff that he was out of the office for the day but requested that Plaintiff review pricing options, shipping options to Plaintiff's location, and vehicle details.

8. On January 16, 2025, Plaintiff submitted collateral, a tender, and Plaintiff's driver's license to Mr. Zborowski.

9. On January 17, 2025, Mr. Zborowski confirmed receipt of the collateral, tender, and Plaintiff's driver's license.

10. On January 17, 2025, Plaintiff provided Mr. Zborowski with strict instructions on how Plaintiff's collateral should be handled in the transaction. Mr. Zborowski agreed to follow these instructions and proceeded with the process accordingly.

11. After receiving Plaintiff's collateral, Mr. Zborowski informed Plaintiff that he would be forwarding the collateral to financial institutions JP MORGAN CHASE BANK being one of the institutions.

12. On January 18, 2025, Mr. Zborowski contacted Plaintiff to confirm that the financial institutions including JP MORGAN CHASE BANK had received the collateral and tender but stated that they were unable to proceed because Plaintiff's credit profile was frozen.

13. On January 18, 2025, Plaintiff noticed that their credit profile was not frozen and that the information provided about the frozen profile was false.

14. On January 18, 2025, Plaintiff received a notification from monitoring sites that JP Morgan Chase Bank Auto Finance had received his collateral.

15. On January 19 and 20, 2025, Plaintiff attempted to contact Mr. Zborowski multiple times regarding the false information that CHASE bank provided to him but did not receive a response, leading Plaintiff to believe that the misinformation was intentional.

16. On January 21, 2025, Plaintiff filed a complaint with the CFPB regarding JP Morgan Chase Bank's receipt of their consideration and failure to return equal consideration.

17. On January 23, 2025, Plaintiff received an email from Chase AFSL Executive Office acknowledging receipt of the CFPB complaint and stating that they would investigate and respond via the CFPB portal.

18. On February 2, 2025, Plaintiff received a response from JP Morgan Chase Bank admitting to processing Plaintiff's collateral but stating that they did not intend to perform their contractual obligations.

19. On February 6, 2025, JP Morgan Chase Bank responded through the CFPB portal admitting to processing Plaintiff's collateral and never returning consideration within this private transaction.

20. On February 17, 2025, Plaintiff filed a second complaint with the CFPB, notifying them that Chase Bank had failed to return valuable consideration under the contract, and that JP Morgan Chase continued to ignore Plaintiff's requests for the return of valuable consideration.

21. Defendant breached the contract by failing to return Plaintiff's valuable consideration despite receiving and processing it. By retaining Plaintiff's collateral and refusing to provide equal or agreed-upon consideration, Defendant failed to fulfill its contractual obligations, resulting in financial and personal harm to Plaintiff.

22. Because Defendant failed to perform its contractual duties, Plaintiff suffered severe emotional distress, including missing their nephew's traveling sporting events, struggling to find transportation for business opportunities, and enduring the emotional strain of being unable to attend family gatherings and secure business deals. Plaintiff has been confined to their home for months, resulting in financial losses and emotional hardship.

## COUNT I: BREACH OF CONTRACT

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth herein.

24. A valid contract existed between Plaintiff and Defendant.

25. Plaintiff performed all conditions, covenants, and promises required.

26. Defendant breached the contract by failing to return Plaintiff's valuable consideration despite acknowledging receipt and processing of the same.

27. Plaintiff suffered damages as a direct result of the breach.

## COUNT II: UNJUST ENRICHMENT

28. Plaintiff incorporates paragraphs 1-22 as if fully set forth herein.

29. Plaintiff conferred a benefit upon Defendant by providing valuable consideration.

30. Defendant accepted and retained the benefit under circumstances that make it inequitable for Defendant to retain the benefit without paying fair value.

31. Plaintiff is entitled to restitution in an amount to be determined at Court.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff incorporates paragraphs 1-22 as if fully set forth herein.

33. Defendant engaged in extreme and outrageous conduct by failing to return Plaintiff's valuable consideration while knowingly misrepresenting material facts.

34. Defendant acted intentionally or recklessly, knowing that such actions would likely cause severe emotional distress to Plaintiff.

35. Plaintiff suffered severe emotional distress as a direct and proximate result of Defendant's actions.

36. Defendant's conduct was willful, wanton, and malicious, justifying an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. Compensatory damages in the amount of $350,000 for emotional distress; B. Restitution for unjust enrichment in the amount of $162,252.00 for the collateral value an order compelling Defendant to perform specific duties within the contract; C. Punitive damages for intentional infliction of emotional distress; D. Pre- and post-judgment interest as allowed by law; E. Attorney's fees and costs where applicable; and F. Such other relief as the Court deems just and proper.

DATED this 19th day of March, 2025

Marquette Marshall

*Marquette Marshall*

Chambers

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### District of South Carolina
### Columbia Division

MARQUETTE MARSHALL, Pro Se

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

JPMorgan Chase Bank, N.A.

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☐ Yes  ☑ No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | MARQUETTE MARSHALL |
   | Street Address | 421 GOOD SPRINGS RD |
   | City and County | AIKEN |
   | State and Zip Code | SOUTH CAROLINA |
   | Telephone Number | 803-998-7201 |
   | E-mail Address | MARSHALL.MARQUETTE@yahoo.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: JPMorgan Chase Bank, N.A.
- Job or Title *(if known)*:
- Street Address: 270 Park Avenue
- City and County: New York
- State and Zip Code: New York 10017
- Telephone Number: 1-949-753-6800
- E-mail Address *(if known)*:

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Page 2 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question      ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Breach of Contract, Unjust Enrichment and Intentional Infliction of Emotional Distress

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
   The plaintiff, *(name)* MARQUETTE MARSHALL, is a citizen of the State of *(name)* SOUTH CAROLINA.

   b. If the plaintiff is a corporation
   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Page 3 of 5

b. If the defendant is a corporation

The defendant, *(name)* JPMorgan Chase Bank, N.A. , is incorporated under the laws of the State of *(name)* New York , and has its principal place of business in the State of *(name)* New York .

Or is incorporated under the laws of *(foreign nation)* ______ ,

and has its principal place of business in *(name)* ______ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Plaintiff is owed $450,000 for Plaintiffs collateral (valuable Consideration) that was provided to Defendant that was kept without providing valuable consideration in return and Consequential Damages resulting from the breach, such as transportation costs, lost opportunities, and emotional hardship

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. This is an action of breach of contract by none performance.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The plaintiff requests the court to order the following relief:

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03-17-2025

Signature of Plaintiff: *Marquette Marshall*
Printed Name of Plaintiff: Marquette Marshall

### B. For Attorneys

Date of signing: 

Signature of Attorney: 
Printed Name of Attorney: 
Bar Number: 
Name of Law Firm: 
Street Address: 
State and Zip Code: 
Telephone Number: 
E-mail Address: