IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marquette Marshall,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JP Morgan Chase Bank N.A.,<br><br>　　　　　　　　Defendant. | C/A No. 1:25-cv-2556-JFA-PJG<br><br><br>**ORDER** |

**I.    INTRODUCTION**

Marquette Marshall ("Plaintiff"), proceeding pro se, brings this action averring several claims against JP Morgan Chase Bank. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Specifically, the Magistrate Judge assigned to this action performed an initial review of Defendant's motion to dismiss (ECF No. 21). After reviewing the motion and all responsive briefing, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 26). Within the Report, the Magistrate Judge opines that the motion to dismiss should be granted. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Thereafter, Plaintiff filed objections (ECF No. 30) to which the Defendant replied. (ECF No. 31). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.    DISCUSSION**

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 26). The Report ultimately concludes that the motion to dismiss should be granted as the complaint is legally frivolous. Plaintiff lodges several objections to the Report. Each is addressed in turn.

Initially, Plaintiff takes issue with being labeled a "sovereign citizen" or asserting sovereign citizen ideology such as a "vapor money" theory. The Court would note that the Report never labels Plaintiff as a sovereign citizen. Instead, the Magistrate Judge acknowledged that Plaintiff's claims seem to be grounded in sovereign citizen ideology. A review of Plaintiff's claims indicates that this is correct. Regardless of whether Plaintiff identifies as a sovereign citizen, his current claims echo those commonly associated with sovereign citizen ideology. Plaintiff's objections reiterate that he contends his signature on

3

an unaccepted application created monetary value sufficient to purchase an automobile. (ECF No. 30, p. 4)("Plaintiffs executed and submitted application represented a lawful tender of value.") Despite the label Plaintiff now seeks to apply to such theory, it is frivolous, and his claims are subject to summary dismissal.

Apart from Plaintiff's complaint about the "sovereign citizen" label, Plaintiff also avers that the Report fails to address the legal basis of his complaint. He further alleges that his complaint states a claim for breach of contract and unjust enrichment. Specifically, Plaintiff claims that "Plaintiff's executed application constituted valuable collateral under applicable federal banking and commercial standards. When Defendant, JP Morgan Chase Bank, accepted and retained the Plaintiff's application - which contained personal identifying information, it received valuable consideration sufficient to form a binding obligation." (ECF No. 30, p. 3). Despite what Plaintiff may believe, merely claiming an executed application represents lawful tender does not magically convert an application into a thing of value. Plaintiff cites no authority for such a frivolous position. His repeated assertions make clear that his claims are baseless, and the Report properly held that his complaint must be dismissed as frivolous. Accordingly, Plaintiff's objections are overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and

Recommendation. (ECF No. 26). For the reasons discussed above and in the Report, Defendant's motion to dismiss (ECF No. 21) is granted. Consequently, this matter is dismissed without prejudice.

IT IS SO ORDERED.

December 16, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge